# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RB PRODUCTS, INC., <br><br> Plaintiffs, <br> vs. <br><br> RYZE CAPITAL, L.L.C.; ENCORE DEC, L.L.C.; RYZE RENEWABLES RENO, L.L.C.; RYZE RENEWABLES, L.L.C.; MICHAEL BROWN; CHRIS DANCY; RESC, L.L.C.; RYZE RENEWABLES LAS VEGAS, L.L.C.; MATT PEARSON; AND RANDY SOULE, <br><br> Defendants. | CASE NO.: 3:19-cv-00105-MMD-WGC <br><br> **AGREED PROTECTIVE ORDER** |

**AGREED PROTECTIVE ORDER**

**1. Proceedings and Information Governed**.

This Order ("Protective Order") is made under Rule 26(c) of the Federal Rules of Civil Procedure ("FED. R. CIV. P.").

This protective order is being entered into following the Court's September 18, 2019 Hearing Re: Proposed Discovery Plan/Scheduling Order and Motion to Stay Discovery. By entering into this Protective Order, no party is waiving any arguments that this entire case should or should not be stayed in favor of the related arbitration pending with JAMS in Orange County, California (Case No. 1200055940) (the "JAMS Arbitration"), or that the claims should or should not be dismissed.

Disclosure and discovery activity in this action and the JAMS Arbitration are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation or the JAMS arbitration may be warranted. Accordingly, the parties hereby stipulate to request that the Court enter the following Protective Order. The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

This Protective Order applies to any document, information, discovery responses, or other tangible or intangible thing (collectively, "documents") furnished by a party to any other party, as well as documents furnished by non-parties who receive subpoenas in connection with this action, if and when the documents are designated by a party or non-party as "Confidential Information" or "Highly Confidential Information" in accordance with the terms of this Protective Order. This Protective Order also applies to copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information or data containing, reflecting, or disclosing all or parts of designated documents.

**2. Designation and Maintenance of Documents and Information**.

**A.** "Confidential Information" designation means any document, thing, or any portion

of a document or thing that a party believes in good faith (a) contains private or confidential personal or financial information, (b) contains information received in confidence from third parties that a party is required to keep confidential, the disclosure of which is likely to cause harm to an individual or the business or competitive position of the designating party, or (c) contains commercially-sensitive competitive or technical information or other information that the producing party believes in good faith to require protection.

      **B.**    "Highly Confidential Information" designation means any document, thing, or any portion of a document or thing that contains confidential and competitively-sensitive business information, existing or new products, services, current or forward-looking business plans, financial information, or technology where that information is not yet known to the public including, but not limited to, confidential research and development, sensitive financial information, or trade secret information, or information being utilized for the preparation or prosecution of a patent application dealing with such subject matter. Such documents merit greater restrictions as "Attorney-Eyes Only."

      **C.**    "Confidential Information" and "Highly Confidential Information" do not include, and this Protective Order does not apply to, documents already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by an agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

**3.**    <u>**Documents Produced in Discovery and Depositions**</u>.

      **A.**    A producing party may designate documents and things produced in this litigation where the producing party has a good faith belief that such information falls within the scope of paragraph 2(A) above, where the producing party has a good faith belief that by placing on each page and each thing a legend substantially as follows:

      **CONFIDENTIAL INFORMATION - Subject To Protective Order**

A producing party may designate documents and things produced in this litigation as "Highly Confidential Information" where the producing party has a good faith belief that such information

falls within the scope of paragraph 2(B) above by placing on each page and each thing a legend substantially as follows:

**HIGHLY CONFIDENTIAL INFORMATION - Subject To Protective Order**

**B.    Depositions**

(i)    For deposition testimony or exhibits to be entitled to protection under this Order, a party must designate the testimony and exhibits disclosed at a deposition as "Confidential Information" or "Highly Confidential Information" by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition.

(ii)   If no such designation is made at the time of the deposition, any party has twenty (20) days after delivery by the court reporter of the final transcript of the deposition session to designate ("Designation Period"), in writing to the other parties and to the court reporter, what portions of the transcript and which exhibits the party designates as "Confidential Information" and "Highly Confidential Information."

(iii)  During the Designation Period, the transcript and exhibits must be treated as Highly Confidential Information, unless the disclosing party consents to less confidential treatment of the information in writing or on the record and the deposition.

(iv)   Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order.  It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Highly Confidential Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as are permitted under this Protective Order.

(v)    If no such designation is made at the deposition or within the Designation Period, then the entire deposition will be considered devoid of Confidential Information or Highly Confidential Information.

**4.    Inadvertent Failure to Designate**.

**A.**    The inadvertent failure to designate documents as "Confidential Information" or

"Highly Confidential Information" will not be a waiver of a claim that the document contains confidential information, and will not prevent the producing party from designating such information as confidential at a later date in writing, so long as the designation is done with particularity and without prejudice to the receiving parties

      **B.**    In the event a producing party late designates a document as "Confidential Information" or "Highly Confidential Information," the document must be treated by the receiving party as confidential from the time of receipt of the notice of the "Confidential Information" or "Highly Confidential Information" designation.

**5.**    **Challenges to Designations**.

      A party's designation of documents as "Confidential Information" or "Highly Confidential Information" is not binding if the procedures below are followed:

      **A.**    A receiving party may challenge a producing party's designation at any time. Any receiving party may request in writing that the producing party change the designation. The producing party, within fourteen (14) days after receipt of a written challenge, must advise the receiving party whether or not it will change the designation.

      **B.**    If the parties are unable to reach agreement after the expiration of this fourteen (14) day period, they shall confer. If they cannot resolve the issue, the receiving party may seek an order to alter the confidential status of the designated information. However, nothing herein shall be construed to shift the burden on the producing party to demonstrate that the information was properly designated as "Confidential Information" or "Highly Confidential Information," as applicable.

      **C.**    Until the presiding judge has ruled on a dispute under this paragraph, the "Confidential Information" or "Highly Confidential Information" designation will remain in full force and effect, and the document continues to be protected by this Protective Order.

**6.**    **Disclosure and Use of Confidential Information**.

      **A.**    Information designated as "Confidential Information" or "Highly Confidential Information" may only be used for purposes of preparation, trial, and appeal of this action, or preparation, hearing, and appeal of the JAMS Arbitration. "Confidential Information" or "Highly

1  Confidential Information" may not be used under any circumstances for prosecuting any patent
2  application, for patent licensing, or for any other purpose.

3       **B.** Subject to paragraph 9 below, "Confidential Information" may be disclosed by the
4  receiving party only to the following individuals, provided that such individuals are informed of
5  the terms of this Protective Order:

6       (i) the Court or arbitrators in the JAMS Arbitration, their personnel, and any
7  jury empaneled in this action;

8       (ii) the parties to this action, and their officers, directors, employees, and agents
9  who are involved in or are assisting with this action;

10       (iii) outside counsel of record for the receiving party;

11       (iv) supporting personnel employed by outside counsel of record for the
12  receiving party, such as paralegals, legal secretaries, data entry clerks, legal clerks, and private
13  photocopying services;

14       (v) experts or consultants retained by a party for purposes of this action or the
15  JAMS Arbitration, subject to the restrictions in Section 6.E. below;

16       (vi) any insurance carriers of a receiving party; and

17       (vii) any persons requested by counsel, in connection with this action or the
18  JAMS Arbitration, to furnish services such as document coding, image scanning, mock trial, jury
19  profiling, translation services, court reporting services, demonstrative exhibit preparation, or the
20  creation of any computer database from documents.

21       **C.** Subject to paragraph 9 below, "Highly Confidential Information" may be disclosed
22  by the receiving party only to the following individuals, provided that such individuals are
23  informed of the terms of this Protective Order:

24       (i) the Court, the arbitrators in the JAMS Arbitration, their personnel, and any
25  jury empaneled in this action;

26       (ii) outside counsel of record for the receiving party;

27       (iii) supporting personnel employed by outside counsel of record for the
28  receiving party, such as paralegals, legal secretaries, data entry clerks, legal clerks, private

photocopying services;

   (iv) experts or consultants retained by a party to this action for purposes of this action or the JAMS Arbitration, subject to the restrictions in Section 6.E. below;

   (v) any insurance carriers of a receiving party;

   (vi) any persons requested by counsel, in connection with this action or the JAMS Arbitration, to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents.

  **D.** Prior to disclosing "Confidential Information" or "Highly Confidential Information" to any receiving party's proposed expert or consultant, or employees thereof, the receiving party must obtain a signed Confidentiality Agreement in the form attached as Exhibit A, which shall be held by counsel for the party that retained that expert or consultant, but need not be provided to the opposing party.

  **E.** "Confidential Information" or "Highly Confidential Information" shall not be disclosed to any third-party to the extent that (1) such third-party is a "Direct Competitor" (defined below) and/or is currently employed by a Direct Competitor of a party, and (2) the Confidential Information or Highly Confidential Information could reasonably be used by such third-party or its employer to gain an advantage in competing with the party in the market where the third-party or its employer is a Direct Competitor. If a party reasonably believes that the circumstances require disclosure of Confidential Information or Highly Confidential Information to a Direct Competitor, the parties shall meet and confer in good faith to resolve the dispute. If the parties are unable to resolve the dispute, upon the motion of any party, the Court or Arbitrator, as applicable, shall have the authority to determine whether the disclosure should be allowed. In making this determination, whether it is reasonably necessary for the party to make the disclosure and whether there are less restrictive means of protecting the Confidential Information or Highly Confidential Information should be among the Court or Arbitrator's considerations.

  If a party is uncertain as to whether a third-party is a Direct Competitor, that party shall identify the Confidential Information or Highly Confidential Information to be disclosed and a

general description of the potential Direct Competitor. If the other party objects to the disclosure, the parties shall meet and confer in good faith to resolve the dispute. If the parties are unable to resolve the dispute, upon the motion of any party, the Court or Arbitrator, as applicable, shall have the authority to determine whether a third-party is a Direct Competitor within the meaning of this Protective Order and whether disclosure to the third-party should be allowed. No disclosure of the Confidential Information or Highly Confidential Information may be made until the parties reach an agreement or the Court or Arbitrator, as applicable, enters an order permitting the disclosure.

For purposes of this Protective Order, a "Direct Competitor" shall mean any person or entity that allegedly offers one or more of substantially the same products and/or services aimed at the same target market and customer base as a party, and any person or entity that allegedly may use Confidential Information or Highly Confidential Information for a strategic competitive advantage. Nothing herein shall be construed as an admission that a person or entity is a Direct Competitor, which issue will be for the decision making of the Court or Arbitrator, as applicable, in the event of a dispute.

**F.** Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

**G.** "Confidential Information" or "Highly Confidential Information" may be disclosed to a person who is not already allowed access to such information under this Protective Order *if*:

(i) the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under FED. R. CIV. P. 30(b)(6);

(ii) the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

(iii) counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this section 6(G), only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by

this Protective Order, may be present during the disclosure or discussion of Confidential Information or Highly Confidential Information.

Disclosure of material pursuant to this section 6(G) does not constitute a waiver of the confidential status of the material so disclosed.

**7.  Non-Party Information.** The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things, or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

A party may designate as "Confidential Information" or "Highly Confidential Information" documents, discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials.

**8.  Filing Documents With the Court.**

"Confidential Information" and "Highly Confidential Information" filed with the Court, and portions of pleadings, motions, or other papers filed with the Court, shall be filed under seal with the Clerk of the Court in accordance with Local Rule IA 10-5 and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. Any party may challenge such sealing in accordance with applicable law.

Any motion regarding filing "Confidential Information" and "Highly Confidential Information" information and motion to seal shall also comply with the requirements of *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016).

**9.  No Prejudice.**

Nothing herein shall be construed as an agreement or admission by any receiving party that any document or thing designated as "Confidential Information" or "Highly Confidential Information" is, or is not, appropriately designated, and all such objections and challenges are expressly reserved. In furtherance thereof, producing or receiving "Confidential Information" or

"Highly Confidential Information," or otherwise complying with the terms of this Protective Order, will *not*: **(a)** operate as an admission by any party that any particular "Confidential Information" or "Highly Confidential Information" contains or reflects trade secrets or any other type of confidential or proprietary information; **(b)** prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; **(c)** prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; **(d)** prejudice the rights of a party to apply to the presiding judge for further protective orders; or **(e)** prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material. Further, nothing herein shall be preclude any party from seeking different or further relief in the JAMS Arbitration.

**10.     No Waiver for Inadvertent Production**.

Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection. Notwithstanding anything to the contrary, the inadvertent production or disclosure of information protected by any immunity from discovery (including, without limitation, the attorney/client privilege and the attorney work-product doctrine) shall not constitute a waiver or impairment of any claim for such immunity, protection, or privilege preventing the discovery and admissibility of such inadvertently produced or disclosed information. The producing party must notify the receiving party promptly, in writing, upon realization that privileged or otherwise immunized information has been inadvertently produced. The receiving party shall thereupon return all such information (and all copies thereof) to the producing party within five business days, and the receiving party shall not use such information for any purposes except upon a subsequent order by the Court or Arbitrator, as applicable, authorizing such use. The receiving party shall also return to the producing party or destroy all electronic copies of the privileged or otherwise immunized information.

In the event the receiving party contests the claim of privilege or immunity from discovery, the receiving party may retain one copy of the disputed document (or other information) and,

AGREED PROTECTIVE ORDER
10

within ten (10) business days from the initial notice by the producing party, file a motion seeking an order to compel its production. The receiving party shall not be permitted to use the document for any purpose until such time as the parties either agree concerning the protection or the Court or Arbitrator rules on the motion. If no such motion is filed and the parties do not otherwise agree concerning the protection, the receiving party shall return or destroy the disputed document (or other information) in accordance with this paragraph upon the expiration of the ten-business day period. If such motion is filed but denied by the Court or Arbitrator, the receiving party shall return or destroy the disputed document (or other information) in accordance with this paragraph within five business days of notice of the Court's or Arbitrator's ruling. The receiving party's obligation to return or destroy the privileged or otherwise immunized information extends to the destruction of any internal analyses, memoranda, notes, or emails that are based upon and/or reflect the content of the inadvertently produced information.

**11. <u>Conclusion of Litigation</u>**.

Within sixty (60) days after final judgment in this action or the JAMS Arbitration, whichever is later, including the exhaustion of all appeals, or within sixty (60) days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing "Confidential Information" or "Highly Confidential Information," and to certify to the producing party that this destruction or return has been done. However, outside counsel for any party is entitled to retain all court or arbitration papers, trial or hearing transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**12. <u>Other Proceedings</u>**.

By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's information designated "Confidential" or "Highly Confidential" pursuant to this Protective Order must promptly notify

that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**13.** **Remedies**.

It is **ORDERED** that this Protective Order will be enforced by the sanctions set forth in FED. R. CIV. P. 37(a) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

**14.** **Relief from Protective Order**.

Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

| | |
|---|---|
| DATED this 3rd day of October, 2019. | DATED this 3rd day of October, 2019. |
| DICKINSON WRIGHT PLLC | SNELL & WILMER L.L.P. |
| /s/ Justin J. Bustos<br>John P. Desmond<br>Nevada Bar No. 5618<br>Justin J. Bustos<br>Nevada Bar No. 10320 | /s/ Ashish Mahendru<br>Janine C. Prupas<br>Nevada Bar No. 9156<br><br>MAHENDRU, P.C.<br>Ashish Mahendru (*pro hac vice*)<br>Darren A. Braun (*pro hac vice*) |
| LATHAM & WATKINS LLP<br>Joshua G. Hamilton (*pro hac vice*)<br>Michael J. Reiss (*pro hac vice*)<br>Sarah F. Mitchell (*pro hac vice*) | |
| *Attorneys for Defendants Ryze Capital Partners, L.L.C., Ryze Renewables Las Vegas, L.L.C., Chris Dancy and Matt Pearson* | *Attorneys for Plaintiff RB Products, Inc.* |
| DATED this 3rd day of October, 2019. | DATED this 3rd day of October, 2019. |
| LAXALT & NOMURA LTD | HOLLEY, DRIGGS, WALCH, FINE, PUZEY, STEIN & THOMPSON |
| /s/ Ryan W. Leary<br>Holly S. Parker<br>Nevada Bar No. 10181<br>Ryan W. Leary<br>Nevada Bar No. 11630 | /s/ C. Eric Shepard<br>James W. Puzey<br>Nevada Bar No. 5745<br><br>FELLERS, SNIDER, BLANKENSHIP, BAILEY, TIPPENS |

| | |
|---|---|
| *Attorneys for Defendants Ryze Renewables, LLC and Ryze Renewables Reno, LLC* | Greg A. Castro (*pro hac vice*)<br>Mark K. Stonecipher (*pro hac vice*)<br>C. Eric Shepard (*pro hac vice*)<br><br>*Attorneys for Defendants Encore DEC, L.L.C., RESC, L.L.C., and Randy Soule* |

DATED this 3rd day of October, 2019.

KOCH & SCOW LLC

/s/ Steven B. Scow
David R. Koch
Nevada Bar No. 8830
Steven B. Scow
Nevada Bar No. 9960
Brody R. Wight
Nevada Bar No. 13615

GARCIA RAINEY BLANK & BOWERBANK LLP
Norma V. Garcia (*pro hac vice*)
Jeffrey M. Blank (*pro hac vice*)

*Attorneys for Defendant Michael Brown*

## **ORDER**

IT IS SO ORDERED.

Signed on this  4th  day of    October   , 2019.

*[signature: William G. Cobb]*

The Honorable William G. Cobb
United States Magistrate Judge

**The jurisdiction of the U. S. District Court over the parties' Agreed Protective Order shall terminate upon the entry of an order of dismissal with prejudice of the action.**

# Exhibit A

*RB Products, Inc. v. Ryze Capital, L.L.C.; Encore DEC, L.L.C.; Ryze Renewables Reno L.L.C.; Ryze Renewables, L.L.C.; Michael Brown, Chris Dancy, RESC, L.L.C.; Ryze Renewables Las Vegas, L.L.C.; Matt Pearson; and Randy Soule*
(D. Nev. Case No. 3:19-cv-00105-MMD-WGC)

## CONFIDENTIALITY AGREEMENT FOR EXPERT, CONSULTANT OR EMPLOYEES OF ANY PARTY

I, _____, under penalty of perjury, 28 U.S.C. § 1746, declare that:

1. Information, including documents and things, designated as "Confidential Information" or "Highly Confidential Information," as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

2. I have been given a copy of and have read the Protective Order.

3. I am familiar with the terms of the Protective Order, and I agree to comply with and to be bound by its terms.

4. I submit to the jurisdiction of the United States District Court for the District of Nevada for enforcement of the Protective Order.

5. I agree not to use any "Confidential Information" or "Highly Confidential Information" disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and the related arbitration pending with JAMS in Orange County, California (Case No. 1200055940), and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge or arbitrator.

6. I understand that I am to retain all documents or materials designated as or containing "Confidential Information" or "Highly Confidential Information" in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any "Confidential Information" or "Highly Confidential Information" are to be returned to counsel who provided me with such documents and materials.

Signed at _____, _____, this _____, day of _____, 20\_\_.

_____
Signature

AGREED PROTECTIVE ORDER
14

# Exhibit B

*RB Products, Inc. v. Ryze Capital, L.L.C.; Encore DEC, L.L.C.; Ryze Renewables Reno L.L.C.; Ryze Renewables, L.L.C.; Michael Brown, Chris Dancy, RESC, L.L.C.; Ryze Renewables Las Vegas, L.L.C.; Matt Pearson; and Randy Soule*
(D. Nev. Case No. 3:19-cv-00105-MMD-WGC)

## CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS

I, _____, under penalty of perjury, 28 U.S.C. § 1746, declare that:

1. Information, including documents and things, designated as "Confidential Information" or "Highly Confidential Information" as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

2. I have been given a copy of and have read the Protective Order.

3. I am familiar with the terms of the Protective Order, and I agree to comply with and to be bound by its terms.

4. I submit to the jurisdiction of the United States District Court for the District of Nevada for enforcement of the Protective Order.

5. I agree not to use any Confidential Information or Highly Confidential Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and the related arbitration pending with JAMS in Orange County, California (Case No. 1200055940), and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge or arbitrator.

Signed at _____, _____, this _____, day of _____, 20\_\_.

_____
Signature

# **CERTIFICATE OF SERVICE**

I certify that I am an employee of DICKINSON WRIGHT PLLC, and that on this date, pursuant to Fed. R. Civ. P. 5(b), I am serving a true and correct copy of the foregoing **AGREED PROTECTIVE ORDER** on the parties as set forth below via the Court's CM/ECF system:

| | |
|---|---|
| Jeffrey M. Blank<br>Norma V. Garcia<br>GARCIA RAINEY BLANK<br>BOWERBANK, LLP<br>695 Town Center Drive, Suite 700<br>Costa Mesa, CA 92626 | Ashish Mahendru<br>Darren A. Braun<br>MAHENDRU, P.C.<br>639 Heights Blvd.<br>Houston, TX 77007 |
| James W. Puzey<br>Michael R. Ayers<br>HOLLEY, DRIGGS, WALCH, FINE, PUZEY, STEIN & THOMPSON<br>800 South Meadows Pkwy., Suite 800<br>Reno, NV 89521 | Janine C. Prupas<br>Snell & Wilmer L.L.P.<br>50 West Liberty Street<br>Suite 510<br>Reno, NV 89501 |
| David R. Koch<br>Steven B. Scow<br>KOCH & SCOW, LLC<br>11500 South Eastern Ave., Suite 210<br>Henderson, NV 89052 | Holly S. Parker<br>Ryan W. Leary<br>LAXALT & NOMURA, LTD.<br>9790 Gateway Drive, Suite 200<br>Reno, NV 89521 |
| Mark K, Stonecipher<br>C. Eric Shepard<br>Greg A. Castro<br>FELLERS, SNIDER,<br>BLANKENSHIP, BAILEY, TIPPENS<br>100 N. Broadway, Suite 1700<br>Oklahoma City, OK 73102 | |

DATED this 3rd day of October, 2019.

                                      /s/ Cindy S. Grinstead
                                      An employee of DICKINSON WRIGHT

RENO 87990-1 49036v1