UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RB PRODUCTS, INC., <br><br> Plaintiff, <br> v. <br> RYZE CAPITAL, LLC, *et al.*, <br><br> Defendants. | Case No. 3:19-cv-00105-MMD-WGC <br><br> ORDER |

## I. SUMMARY

Plaintiff RB Products, Inc. alleges that Ryze Capital Partners, LLC ("Ryze"), Ryze employee Michael Brown ("Brown"), and other defendants utilized confidential information that Plaintiff provided them under a joint venture agreement, but later excluded Plaintiff from the venture. (ECF No. 44.) Before the Court is Brown's Motion to Set Aside Clerk's Entry of Default and Request to Deem Answer Filed ("Motion").[1] (ECF No. 33.) For the reasons explained below, the Court will grant the Motion and accept Brown's late-filed Answer.

## II. BACKGROUND

A defendant who signs a waiver-of-service form must respond to the complaint within 60 days from the date the form was sent within the United States. Fed. R. Civ. P. 4(d)(3). On February 22, 2019, Plaintiff's counsel sent Brown's counsel an amended waiver-of-service form[2] that incorrectly described February 20, 2019 as the form's sent

---

[1] The Court has reviewed Plaintiff's response (ECF No. 43) and Brown's reply (ECF No. 45).

[2] The case was originally filed in the unofficial southern division (2:19-cv-308), but it was later transferred to the unofficial northern division in Reno (3:19-cv-105). (ECF No. 43-2.) On February 21, 2019, Plaintiff's counsel informed Brown's counsel that he intended to send her an amended waiver of service form reflecting the change. (*Id.*)

date. (ECF No. 18; ECF No. 43-4.) In March 2019, the parties attempted to negotiate a settlement, but they were unsuccessful. (ECF No. 45-1 at 3.) On March 28, 2019, Brown's counsel at the time, Lisa Fuller, sent Plaintiff's counsel the waiver form wherein Brown crossed out the sent date and—instead of inserting the correct date—wrote "March 27, 2019" aside it. (ECF No. 18.) Brown claims that he conditioned his waiver of service on additional time to respond to allow him enough time to find and retain new counsel because Ms. Fuller could no longer represent him. (ECF No. 33-2 at 2; ECF No. 45 at 7.) Plaintiff's counsel rejected the revised date and requested that Brown sign the form without modification (ECF No. 43-6 at 7-8).

Ryze retained Latham & Watkins LLP ("Latham") as its counsel. (ECF No. 45-1 at 3.) On April 6, 2019, Brown learned that Latham could not represent him due to a conflict of interest related to the fact that Brown is now an outside consultant and not an employee of Ryze. (*Id.*) On April 22, 2019, Brown retained new counsel. (*Id.* at 4; ECF 33-2 at 2.)

Brown had until the end of April 23, 2019 to respond to the Complaint,[3] but Plaintiff filed a motion for entry of default that same day (ECF No. 30). On April 24, 2019, the Clerk of Court entered default. (ECF No. 32.) On April 26, 2019, Brown filed this Motion, attaching as an exhibit his Answer to the Complaint. (ECF No. 33; ECF No. 33-1).

## III. BROWN'S MOTION TO SET ASIDE ENTRY OF DEFAULT

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[t]he court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). In determining whether good cause exists, a court must consider the three following "*Falk* factors": "'(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default.'" *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). The court may refuse to set aside the default if it holds

---

[3]Based on the waiver-form sent date of February 20, 2019, the docket had incorrectly set April 21, 2019, as the deadline for Brown to answer. (ECF No. 18.) But, as the Court discussed above, the waiver form was sent on February 22, 2019 (ECF No. 43-2), making April 23, 2019 the correct deadline.

any one of the three factors is true. *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

"'[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" *Mesle*, 615 F.3d at 1091 (quoting *Falk*, 739 F.2d at 463) (alternation in original). The *Falk* factors are more liberally applied in the context of a clerk's entry of default than in the default judgment context. *Mesle*, 615 F.3d at 1091 n.1 (quoting *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009)); *see also Haw. Carpenter's Trust v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). "'The court's discretion is especially broad where . . . it is entry of default that is being set aside, rather than a default judgment.'" *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994) (quotation and citation omitted)).

Here, the first and third *Falk* factors tip in favor of setting aside the Clerk's entry of default. First, Plaintiff does not allege that setting aside the clerk's entry of default will prejudice it in any way. Nor does the Court find any prejudice because Brown filed this Motion two days after the Clerk entered default. Such a brief delay so early in the proceedings could not have resulted in prejudice.

Second, Brown's tardiness was neither culpable nor the result of bad faith. "A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (emphasis in original). In order for a failure to answer to be intentional, "the movant must have acted with bad faith." *Mesle*, 615 F.3d at 1092. Rather than "playing delay games" as Plaintiff alleges (ECF No. 43 at 5), Brown worked diligently to obtain new counsel when he realized only a few weeks before his Answer was due that Latham would not represent him.[4] (ECF No. 45 at 7.) Additionally, Brown filed this Motion only two days after the Clerk entered default (ECF No. 33.), further demonstrating that he

---

[4] Alternatively, Brown explains that his tardiness was not culpable because he conditioned his waiver of service on an extension to May 27, 2019, to file his Answer. (ECF No. 33 at 7.) Brown does not cite to any authority for this, and the Court is unaware of any. To the extent Brown's modified waiver form was a request for an extension to respond to

1 did not intend to use his tardiness "to take advantage of [Plaintiff], interfere with judicial
2 decision making, or otherwise manipulate the legal process." *TCI Group*, 244 F.3d at 697-
3 98; *see also Mesle*, 615 F.3d at 1092 (setting aside an entry of default where movant
4 responded to the lawsuit as soon as he received notice of the entry of default); *Chrome*
5 *Hearts, LLC v. Boutique Talulah*, No. 2:12-CV-00280-MMD, 2012 WL 4510692, at *3 (D.
6 Nev. Sept. 28, 2012) (setting aside entry of default where defendant filed its motion to set
7 aside one day after entry of default). Brown's conduct was therefore not culpable.

In sum, the Court exercises its discretion to set aside the Clerk's entry of default under the circumstances presented here. Indeed, refusing to set aside the default would be contrary to the Ninth Circuit's long held policy in favor of deciding cases on the merits whenever possible. *Mesle*, 615 F.3d at 1091 (quoting *Falk*, 739 F.2d at 463).

## IV. BROWN'S REQUEST TO DEEM HIS LATE ANSWER FILED

Federal Rule of Civil Procedure 6(b)(1)(B) provides that the Court may, for good cause, extend the time "on motion made after the time has expired if the party failed to act because of excusable neglect." *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership* sets forth a four-part balancing test for considering whether there has been "excusable neglect": (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. 507 US. 380, 395 (1993). While *Pioneer* involved the Federal Rule of Bankruptcy Procedure 9006(b)(1), the Court made clear that the test would also apply to Fed. R. Civ. P. 6(b)(1)(B). *Id.* at 391-92, 395. The weighing of *Pioneer*'s equitable factors is within the discretion of the district court. *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

The Court finds that Brown's late Answer is the result of excusable neglect. Brown promptly filed the Motion with his Answer only three days after his Answer was due. (ECF

---

the Complaint, Plaintiff explicitly denied such extension. (S*ee* ECF No. 43-6 at 7-8 (Plaintiff's counsel e-mail to Ms. Fuller).). The Court therefore rejects Brown's explanation.

4

1 | No. 33.) There is no indication that the short delay has either prejudiced Plaintiff or impacted the judicial proceedings. Furthermore, the delay was not Brown's fault—in the few weeks leading up to the Answer deadline, Brown had to find new counsel who had to quickly familiarize themselves with this case. (ECF No. 45 at 7; ECF No. 45-1 at 2-3.) Finally, Brown acted in good faith because, after he learned on April 6, 2019 that Latham would not represent him, he promptly sought and retained counsel on April 22, 2019. (ECF No. 45-1 at 3.). The Court will accept Brown's late-filed Answer. (ECF No. 33-1.)

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is ordered that Defendant Brown's Motion to Set Aside Clerk's Entry of Default and Request to Deem Answer Filed (ECF No. 33) is granted. The Clerk is directed to set aside the entry of default against Brown (ECF No. 32). Brown will be permitted to file his Answer. (ECF No. 33-1.)

DATED THIS 4th day of November 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE