UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RB PRODUCTS, INC.,

Plaintiff,

v.

RYZE CAPITAL, LLC, *et al.*,

Defendants.

Case No. 3:19-cv-00105-MMD-WGC

ORDER

**I.    SUMMARY**

RB Products, Inc. ("Plaintiff") alleges that Ryze Capital Partners, LLC ("Ryze") and other defendants utilized confidential information that Plaintiff provided them pursuant to a joint venture agreement, but Ryze later excluded Plaintiff from the ventures. (ECF No. 44 at 9-13.) Before the Court is Defendants' motion to stay this case pending arbitration ("Motion") (ECF No. 51),[1] pursuant to an arbitration clause in a Mutual Non-disclosure Agreement ("NDA") between Plaintiff and Ryze. Plaintiff concedes in its Response that it must arbitrate its claims against Ryze, but it insists that the other Defendants cannot invoke the arbitration clause because they never signed the NDA. (ECF No. 78.) For the reasons explained below, the Court will grant the Motion and stay this action as to all Defendants

**II.   BACKGROUND**

The following facts are taken from Plaintiff's First Amended Complaint ("FAC") (ECF No. 44) unless otherwise noted.

Plaintiff is a Texas-based, petrochemical corporation that produces diesel fuel from renewable feedstock ("HDRD"). (*Id.* at 4.) In late 2015, private-equity company Ryze hired

---

[1] The Court has reviewed Plaintiff's response ("Response") (ECF No. 58) and Defendants' reply (ECF No. 93).

Plaintiff as a subject matter expert for the construction of a new gas-to-liquids facility in Port Arthur, Texas. (*Id.* at 5-6.) In November 2015, both parties signed the NDA to protect confidential information shared between the parties. (*Id.* at 6.) This NDA contains an arbitration clause that applies to "[a]ny dispute, claim or controversy . . . arising out of or related to [the NDA] or to the breach . . . interpretation or validity [of the NDA]." (ECF No. 51-1 at § 3.5.) Ultimately, Ryze decided to not invest in the construction project. (ECF No. 44 at 7.)

In early 2016, Plaintiff, Ryze and Defendant Randy Soule, the sole owner of Defendant Encore D.E.C., LLC ("Encore"), began discussing the re-purposing of Encore's petrochemical terminal located in Reno, Nevada. (*Id.* at 9.) In early February 2016, all parties reached a joint venture agreement regarding their ownership percentages in NewCo, which was not yet formed. (*Id.*) Plaintiff acted as the venture's subject matter expert and provided the venture confidential information on, *inter alia*, the process and logistics of producing HDRD, a list of suppliers and customers for HDRD, how to generate regulatory and tax credits, and how to sell those credits. (*Id.* at 10.) Meanwhile, Ryze allegedly lied to Plaintiff that it was in the process of securing funding for the venture. (*Id.* at 12-13.) In fact, Ryze conspired with Soule and Encore to pursue the business opportunity through Ryze Renewables, LLC, which excluded Plaintiff and is also presently constructing an HDRD facility in Las Vegas using the same confidential information. (*Id.*)

On February 20, 2019, Plaintiff filed this action against Ryze and the following: (1) entities in which Plaintiff claims to have an ownership interest in, such as Ryze Renewables, LLC, Ryze Renewables Reno, LLC and Ryze Renewables Las Vegas, LLC; (2) Ryze employees Matt Pearson, Michael Brown and Chris Dancy (collectively, "Ryze Employees"); and (3) entities that allegedly formed the Reno venture with Ryze, namely Soule, Encore and RESC, LLC.[2] (ECF No. 44.) The FAC alleges the following claims: (1) trade secret misappropriation against all Defendants; (2) breach of contract against Ryze

---

[2] Plaintiff alleges that Soule owns and controls RESC, LLC. (ECF No. 44 at 13 n.7.)

and Encore; (3) fraud against Ryze, Encore, and Soule; (4) breach of fiduciary duty against Ryze and Encore; (5) participation of breach of fiduciary duty and fraud against all Defendants; (6) and declaratory judgment. (*Id.* at 14-20.)

On May 28, 2019, Defendants Ryze, Pearson, Dancy, and Ryze Renewables Las Vegas, LLC filed this Motion (ECF No. 51), which the remaining Defendants later joined (ECF Nos. 52, 58, and 121).[3] Aside from Ryze, the other Defendants are not signatories to the NDA (collectively "Nonsignatories").

## III.  DISCUSSION

The Federal Arbitration Act "reflects 'an emphatic federal policy' in favor of arbitration." *Ferguson v. Corinthian Colleges, Inc.,* 733 F.3d 928, 932 (9th Cir.2013) (*quoting Marmet Health Care Ctr. Inc. v. Brown,* 132 S.Ct. 1201, 1203 (2012)). The FAA applies to arbitration agreements that, like the NDA here, are "contract[s] evidencing a transaction involving commerce." *See* 9 U.S.C. § 2; *Greystone Nevada, LLC v. Anthem Highlands Cmty. Ass'n* (*Greystone*), 549 F. App'x 621, 624 (9th Cir. 2013) (holding that construction contracts involving out-of-state parties and materials evidenced commerce for purposes of the FAA)[4]; *Airbus S.A.S. v. Aviation Partners, Inc.*, 2012 WL 5295145, at *2 (W.D. Wash. 2012) (holding that the FAA applied to a non-disclosure agreement in which both parties agreed to share confidential information for the purpose of designing an aircraft). Under the FAA, an agreement to arbitrate is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. If a party files an application to stay proceedings involving an issue that is subject to arbitration, generally a court must grant the stay until such arbitration has been conducted in accordance with the agreement. 9 U.S.C. § 3; *Chiron Corp. v. Ortho*

---

[3] At the time Plaintiff filed its Response, Plaintiff contended that a few of the Nonsignatories have not joined in the Motion (ECF No. 78 at 3), but this argument is now moot.

[4] Pursuant to Ninth Circuit Rule 36-3, *Greystone*, 549 F. App'x 621 is not precedent, but may be cited by this Court. *See* FRAP 32.1 The Court accordingly cites *Greystone* not for its precedential value, but because the Court finds the Ninth Circuit's reasoning on a similar point of law persuasive.

*Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985)).

Here, Plaintiff has conceded that its claims against Ryze are subject to arbitration. (ECF No. 78 at 3.) Having reviewed the NDA, the Court agrees. (ECF No. 51-1 at § 3.5.) Thus, Plaintiff's claims against Ryze must be stayed pending arbitration.

The Court will next address whether Plaintiff's claims against the Nonsignatories should be similarly stayed. Defendants contend that the Court has authority to do so under equitable estoppel and its inherent power to stay proceedings in its own court. (ECF No. 51 at 19-25.) Because the Court only agrees with the latter point, the Court declines to address Defendants' equitable estoppel argument.

A district court has an inherent and discretionary power to stay proceedings in its own court. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). A district court may stay proceedings "pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). In determining whether a stay is appropriate, a court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55; *see also Lockyer*, 398 F.3d at 1110. These competing interests include: (1) possible damage resulting from granting a stay; (2) hardship or inequity to a party if the proceedings go forward; and (3) simplification or complication of issues, proof and questions of law from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Plaintiff has not shown how a stay on proceedings against the Nonsignatories would prejudice Plaintiff. In fact, Plaintiff would ostensibly benefit from such a stay. Plaintiff's arbitration claims against Ryze overlap with its claims against the Nonsignatories because both sets of claims rest on the joint venture agreement and the circumstances surrounding it. (ECF No. 44 at 14-19.) Moreover, Plaintiff's claims against the Ryze Employees—who are all either affiliated or involved with Ryze—will likely involve the same witnesses and evidence as that in its arbitration claims against Ryze. (*id.* at 68-70; ECF

No. 93 at 16.) Absent a stay, Plaintiff and Nonsignatories will expend unnecessary resources on duplicative litigation that will involve nearly identical evidence to prove overlapping claims. *See In re Wynn Resorts Derivative Litig.* (*Wynn*), 2019 U.S. Dist. LEXIS 54105, at *10-11 (D. Nev. Mar. 29, 2019). A stay on this proceeding would benefit all parties by giving them "more complete information regarding whether and how Plaintiff[] might pursue [its] claims which promotes the orderly course of justice." *Id.* at *11. This would further "increase[] judicial economy and the crystallization of the factual issues." *Id.* at *12-13; *see also Wells Fargo Clearing Servs., LLC v. Foster*, 2018 U.S. Dist. LEXIS 61356, *7-8, 2018 WL 1746307 (holding that a stay was warranted where an arbitration "will likely narrow if not eliminate the issues before this Court"). Even if Plaintiff's claims are dismissed in arbitration, Plaintiff would still benefit from a stay here because it would "be spared the expense of pursuing doomed claims." *Wynn*, 2019 U.S. Dist. LEXIS 54105, at *10-11; *see also CMAX, Inc.,* 300 F.2d at 269 (rejecting the argument that prejudice may result where evidence or rulings made in another proceeding will adversely affect the party's claims in the district court).

The Court will thus impose a stay on Plaintiff's claims against Nonsignatories pending Plaintiff's arbitration with Ryze.

**IV.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is ordered that Defendants' motion to stay Plaintiff's claims pending arbitration (ECF Nos. 51, 53, 58, and 121) is granted. Plaintiff's claims against Ryze will be stayed pending arbitration. Plaintiff's remaining claims against Nonsignatories are similarly stayed pending Plaintiff's arbitration with Ryze.

It is further ordered that Defendants' motions to dismiss (ECF Nos. 47, 52, 59) are denied as moot.

///

It is further ordered that Plaintiff's motion to compel (ECF No. 126) is denied as moot.

It is further ordered that the parties file a status report within 14 days from resolution of Plaintiff's arbitration with Ryze.

The Clerk of Court is directed to administratively close this case.

DATED THIS 4th day of November 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE